## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| HENRY ERMY MARTINEZ, | CASE NO. 4:24-CV-00833 |
| Petitioner, | JUDGE DAVID A. RUIZ |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN IAN HEALY, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

Petitioner Henry Ermy Martinez ("Petitioner" or "Mr. Martinez") filed this habeas corpus action under 28 U.S.C. § 2241 on May 1, 2024, challenging the Bureau of Prisons ("BOP") determination that he was ineligible for First Step Act ("FSA") time credits due to improper aggregation of his sentences.[1]  (ECF Doc. 1 ("Petition").)  On December 2, 2024, Respondent filed a Motion to Dismiss, arguing that Mr. Martinez did not exhaust his administrative remedies before filing his Petition and/or his claim lacks merit.  (ECF Doc. 8 ("Motion to Dismiss").)  The Motion to Dismiss is briefed and ripe for review.  (ECF Docs. 11, 12 & 13.)

This matter has been referred to the undersigned Magistrate Judge for a report and recommendation.  (ECF Doc. 9.)  For the reasons set forth below, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (ECF Doc. 8) and dismiss Mr. Martinez's Petition (ECF Doc. 1) with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because his claim is without merit.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Mr. Martinez's Petition was docketed on May 9, 2024 (ECF Doc. 1) and placed in the prison mailing system on May 1, 2024 (*id*. at p. 9).

## I.      Background

### A.      Petitioner's Convictions and Sentences

Relevant to Mr. Martinez's Petition, on June 26, 2023, he was sentenced by the United

States District Court for the Eastern District of Pennsylvania to twenty-one months in prison and

three years of supervision for his convictions under 18 U.S.C. § 201 for bribery and under 18

U.S.C. § 371 for conspiracy to commit bribery ("bribery sentence") and forty months in prison

and three years of supervision for his conviction under 8 U.S.C. § 844(i) for malicious damage

by means of fire of a building used in interstate commerce ("malicious damage sentence").[2]

(ECF Doc. 1-3, p. 8; ECF Doc. 8-1, pp. 1-2.)  The sentences arose from two separate cases; the

bribery case is Eastern District of Pennsylvania Case No. 19-CR-0652 and the malicious damage

by means of fire case is Eastern District of Pennsylvania Case No. 21-CR-0258.  (ECF Doc. 1-3,

p. 8; ECF Doc. 8-1, pp. 1-2; ECF Doc. 8-2, pp. 6-7.)  The sentences were ordered to run

consecutive to each other.  (ECF Doc. 1-3, p. 8.)  Mr. Martinez's projected release date,

assuming he earns all available good conduct time, is August 27, 2025.  (ECF Doc. 8-1, p. 2;

ECF Doc. 8-2, p. 1, ¶ 1.)

### B.      Petitioner's Habeas Petition

In his Petition, Mr. Martinez presents one ground for relief.  (ECF Doc. 1, p. 6; ECF Doc.

1-3, pp. 13-25.)  That Ground alleges: "The Bureau of Prisons has incorrectly concluded that

---

[2] Mr. Martinez was incarcerated at FCI Elkton when he filed his Petition.  (ECF Doc. 1.)  He was then transferred to Kintock Residential Reentry Center in Philadelphia, Pennsylvania.  (ECF Doc. 8-1, p. 2; *see also* https://www.bop.gov/inmateloc/ (last visited July 18, 2025).)  Despite this transfer, the Court retains jurisdiction over this matter since Mr. Martinez filed his § 2241 Petition while present in this district.  *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.").

administrative aggregation of sentences allows it to change eligible offenses under First Step Act as ineligible."  (ECF Doc. 1, p. 6.)  Mr. Martinez argues:

> The BOP case manager rejected [his] request based on the BOP policy . . . which states that if any prisoner is serving a term of imprisonment based on more than one underlying conviction, the BOP aggregates the prisoner's multiple terms of imprisonment into a single, aggregate term of imprisonment under 18 U.S.C. Section 3584(c).  See 18 U.S.C. Sec. 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.").  And if a prisoner's aggregate sentence includes any disqualifying conviction under Section 3632(d)(4)(D), the BOP interprets Section 3632(d)(4)(D) as rendering the prisoner ineligible to earn time credits on his or her entire aggregated sentence based on separate convictions or sentences.

(ECF Doc. 1-3, p. 9.)[3]

Recognizing that his bribery sentence was imposed to run consecutive to the malicious damage sentence, Mr. Martinez contends that he completed his 40-month malicious damage sentence in January 2024 and then started to serve his 21-month bribery sentence.  (ECF Doc. 1-3, p. 8.)  He acknowledges that he is ineligible to receive FSA time credits for his malicious damage conviction but asserts that he is not ineligible for FSA time credits for the bribery offenses.  (*Id*.)  Under the FSA, he asserts that "a prisoner is ineligible to receive time credits under this paragraph if the prisoner is SERVING A SENTENCE for a conviction under any of the following provisions of law[.]"  (*Id*. (quoting 18 U.S.C. § 3632(d)(4)(D)) (emphasis added by Petitioner).)  Because Congress used the present tense verb, he asserts that Congress "explicitly chose to specify . . . and clearly stated that any ineligibility is based on convictions for which the prisoner is 'serving' the sentence."  (*Id*.)  Thus, he asserts that the BOP's denial of FSA time

---

[3] Attached to the Petition is Mr. Martinez's "Inmate Request to Staff" dated March 4, 2024, in which he asked: "Why am I ineligible to receive FSA benefits?"  (ECF Doc. 1-2.)  The staff member responded: "Due to 18:844(i) 2(a) and 2(b) malicious damage by means of fire of a building used in interstate commerce; aiding and abetting willfully causing."  (*Id*.)  As discussed in Section III.A., *infra*, Mr. Martinez concedes he did not complete the BOP's administrative review process for the FSA time credit claim but asserts that his failure to do so should be excused.  (ECF Doc. 1-3, pp. 10-12.)

credits due to the BOP's internal aggregation of the sentences was improper and "incorrectly changed [his] FSA status as 'ineligible'" with respect to the bribery sentence.  (*Id*.)  Since he is—according to his own calculations—no longer serving a sentence for the ineligible malicious damage conviction and is now serving his sentence for convictions that do not make him statutorily ineligible for FSA time credits, he asserts that the BOP should have found him eligible for FSA time credits and that its failure to do so entitles him to habeas relief.  (*Id*. at pp. 8-9.)

**C.**    **Respondent's Motion to Dismiss**

Respondent has moved to dismiss Mr. Martinez's Petition under Fed. R. Civ. P. 12(b)(6), seeking dismissal of the Petition because: (1) Petitioner did not exhaust his administrative remedies before filing the pending § 2241 Petition; and (2) he is precluded from earning FSA time credits because one of his aggregated sentences is for a precluding offense under 18 U.S.C. § 3632(d)(4)(D).  (ECF Doc. 8-1; ECF Doc. 12.)

## II.    Standard of Review

The Rules Governing Section 2254 Cases in the United States District Courts "may be applied to § 2241 petitions."  *Hargrove v. Healy*, No. 4:23-CV-1857, 2024 WL 3992261, at *2 (N.D. Ohio Aug. 28, 2024) (citing Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  Further, the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [those] [governing] rules, may be applied to a proceeding under these rules."  *See* Rules Governing § 2254 Cases, Rule 12, 28 U.S.C.A. foll. § 2254.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts also contemplates the filing of a motion in response to a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A.

4

foll. § 2254.  Thus, Respondent's motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) is properly before this Court for review.

Under Rule 12(b)(6), the Court may dismiss a claim when a party fails to plead facts on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

This Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citation omitted).  However, while "we must accept all well-pleaded factual allegations in the complaint as true, we need not 'accept as true a legal conclusion couched as a factual allegation.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Petitioner asserts that this Court should treat the Motion to Dismiss as a motion for summary judgment under Fed. R. Civ. P. 56 because the motion relies on matters outside the pleadings.  (ECF Doc. 11, p. 6.)  But a court presented with a Rule 12(b)(6) motion "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Whittiker v. Deutsche Bank*

5

*Nat. Tr. Co.*, 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009).  The undersigned concludes that the attachments to the Motion to Dismiss refer to matters that are central to the claims contained in Mr. Martinez's Petition.  Accordingly, the undersigned finds it appropriate to consider Respondent's motion under Rule 12(b)(c) rather than treating it as a motion for summary judgment under Rule 56.

### III.     Law and Analysis

**A.     Administrative Exhaustion Requirements Before Filing § 2241 Petition**

Respondent argues first that the Petition should be dismissed because Mr. Martinez failed to exhaust his administrative remedies.  (ECF Doc. 8-1, pp. 3-5; ECF Doc. 12, pp. 1-3.)  Mr. Martinez concedes he did not complete the BOP's administrative review process before filing his Petition, stating he "tried to resolve [the] situation with [a] case manager without success and has been told that the BOP's decision is 'final' as to the denial of time credits."  (ECF Doc. 1-3, p. 11; *see also* ECF Doc. 1, pp. 2-4; ECF Doc. 1-2.)  He argues instead that his failure to exhaust his administrative remedies should be excused because further exhaustion would be futile, he will suffer irreparable harm due to "over-service of his sentence," and his claim presents an issue of statutory construction.  (ECF Doc. 1-3, pp. 10-12; ECF Doc. 11, pp. 7-10.)

Before filing a § 2241 Petition, a petitioner must exhaust his administrative remedies. *See Luedtke v. Berkebil*e, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)); *see also Jackson v. Fed. Bureau of Prisons*, No. 1:07 CV 1622, 2007 WL 2231036, at *2 (N.D. Ohio July 31, 2007) ("Prisoners who seek relief under 28 U.S.C. § 2241 are ordinarily required to exhaust administrative remedies before filing a habeas action in district court.").  But in § 2241 cases, administrative exhaustion is not jurisdictional and therefore may be excused "when there has been a prior indication from the

agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider that the resort to administrative remedies is considered futile." *Jackson*, 2007 WL 2231036, at *3 (internal quotation and citation omitted); *see also Purley v. Toledo Fed. Ct.*, No. 3:24-CV-01211-JRK, 2025 WL 240737, at *5 (N.D. Ohio Jan. 17, 2025) (explaining, in a § 2241 case, that "exhaustion of administrative remedies is not a jurisdictional requirement"), *report and recommendation adopted,* No. 3:24 CV 1211, 2025 WL 581090 (N.D. Ohio Feb. 21, 2025).  Courts have also found exhaustion of administrative remedies not to be required where the issue raised is one of statutory construction.  *See Goodman v. Sage*, No. 4:22-CV-00981, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022).

Given that administrative exhaustion is not a jurisdictional requirement, and because, as explained in Section III.B., *infra*, the undersigned finds that Mr. Martinez's claim lacks merit, the undersigned concludes that it is not necessary to resolve whether Mr. Martinez's admitted failure to exhaust his administrative remedies should be excused.  Accordingly, the undersigned turns to the merits of Mr. Martinez's claim.

**B.     Mr. Martinez's Claim that the BOP Improperly Refused to Award FSA Time Credits is Without Merit and Should Be Dismissed**

Mr. Martinez contends that the BOP's decision to aggregate his two sentences, rather than treat them as separate sentences for purposes of determining his eligibility for FSA time credits, resulted in the improper denial of FSA time credits because he is currently serving a sentence for a conviction that is not an ineligible offense under 18 U.S.C. § 3632(d)(4)(D).

Respondent argues that the BOP is required to treat multiple terms of imprisonment as a "single, aggregate term of imprisonment" under 18 U.S.C. § 3584(c) and properly found Mr. Martinez ineligible for FSA time credits "because he is serving an aggregate sentence for a[n] offense" that he concedes is disqualifying under 18 U.S.C. § 3632(d)(4)(D).  (ECF Doc. 8-1, pp.

5-6; ECF Doc. 12, pp. 3-4.)  Respondent therefore asks that the Court find Mr. Martinez's "argument against aggregation" to be without merit and dismiss the Petition.  (*Id.*)

In response, Mr. Martinez asserts that his 21-month bribery sentence: is not a statutory excludable offense under 18 U.S.C. § 3632(d)(4)(D); arises from a separate court case, separate statutory violation, and separate conviction from his FSA ineligible 40-month malicious damage sentence; and did not commence until he finished serving the ineligible sentence.  (ECF Doc. 11, p. 2.)  Based on this assumption that he finished serving the ineligible sentence and is now serving only the eligible sentence, Mr. Martinez argues that the administrative aggregation of his two sentences, one eligible and one ineligible, was improper because that aggregation changed "BOTH the sentences to an FSA 'ineligible' sentence."  (*Id.* (emphasis in original); ECF Doc. 1-3, pp. 13-18; ECF Doc. 11, pp. 10-25.)  He also argues that the BOP's denial of FSA time credits runs counter to the statutory language of 18 U.S.C. § 3632(d)(4)(D), because that section uses the present tense—"is serving a sentence" for an ineligible offense—and he is no longer serving his sentence for the ineligible offense.  (ECF Doc. 1-3, pp. 13-14; ECF Doc. 11, pp. 14-16.)

The statutes central to Mr. Martinez's arguments are 18 U.S.C. § 3632(d)(4)(D) and 18 U.S.C. § 3584(c).  Section 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."  Here, in keeping with that statutory requirement, the BOP aggregated Mr. Martinez's consecutive bribery and malicious damage sentences for a total aggregated prison term of 61-months and three years of supervision.  (ECF Doc. 8-1, p. 2; ECF Doc. 8-2, p. 8.)  Section 3632(d)(4)(D) provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under" listed offenses that include a conviction under 18 U.S.C. 844(i).  *See* 18 U.S.C. § 3632(d)(4)(D)(xix).

8

Here, pursuant to this statutory requirement, the BOP concluded that Mr. Martinez was ineligible for FSA time credits because his aggregated 61-month prison term included a disqualifying offense.  (ECF Doc. 8-1, p. 2; ECF Doc. 8-2, pp. 2-3, 6.)  Mr. Martinez argues that the BOP's aggregation of the two sentences "for administrative purposes" under § 3584(c) should not apply in the context of determining his eligibility for time credits under § 3632(d)(4)(D).

Numerous courts have considered and rejected similar arguments.  In *Keeling v. Lemaster*, the Sixth Circuit observed that "courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, 'are administrative functions of the BOP subject to § 3584(c).'"  No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (quoting *Sok v. Eischen*, No. 22-cv-458 (ECT/LIB), 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 17128929 (Nov. 22, 2022), *aff'd*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023)).  The Sixth Circuit therefore found that the district court "did not err in concluding that [the petitioner]'s aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition."  *Keeling*, 2023 WL 9061914, at *1 (citing *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023), *cert. denied,* 144 S. Ct. 873, 218 L. Ed. 2d 59 (2024)).

Although *Keeling* involved the aggregation of sentences for multiple convictions within a single case, many other courts have found the same principle applies where the BOP aggregated sentences from separate cases.  *See Hargrove*, 2024 WL 3992261, at *4-5 (agreeing with other courts that found it proper for the BOP to aggregate sentences imposed in separate cases before finding a petitioner ineligible to receive credits under the FSA) (citing *Andrews v. Rardin*, No. 2:24-CV-10994, 2024 WL 3236249, at *3 (E.D. Mich. June 28, 2024) ("Because Petitioner was

ordered to serve the sentence on his 2005 case consecutively to the sentence in his 2017 case, it

was proper for the BOP to aggregate these two sentences, for purposes of the First Step Act, and

conclude that Petitioner is ineligible to receive credits under the FSA."); *Martinez v. Rosalez*,

No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan 12, 2024) ("Because his two federal

sentences were combined and imposed to run consecutively to his foreign sentence, he is

currently still serving the single, aggregated sentence based on those multiple terms of

imprisonment when viewed in the administrative context. . . . We agree with the district court

that aggregation in the administrative context under §§ 3584(c) and 4105(c)(4) was proper for

purposes of FSA time credits."); *Teed*, 2023 WL 455672, at *2 (rejecting challenge to BOP

determination that a petitioner was ineligible for FSA time credits because "[b]efore reaching the

conclusion that he was ineligible, the BOP aggregated his sentence pursuant to § 3584(c)" and

"[c]alculation of an inmate's term of imprisonment is widely recognized as an 'administrative

purpose' well within the BOP's responsibilities as charged by Congress"); *Sok*, 2023 WL

5282709, at *1 (concluding that the "district court did not err in denying Sok's petition, as the

BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and

therefore properly denied him FSA credits") (citing 18 U.S.C. § 3584(c)).

     In *Giovinco v. Pullen*, the Second Circuit explained:

> Courts have recognized that the "administrative purposes" referenced in § 3584(c)
> include the BOP's administration of other types of sentencing credits, such as time-
> served credits (§ 3585), good-time credits (§ 3624), and residential drug-abuse
> program credits (§ 3621) . . .  In light of this legal background, we conclude that
> the aggregation provision applies to the BOP's administration of the FSA time
> credit program. The BOP is charged with administering the FSA time credit
> program, and for that reason its implementation of § 3632(d)(4)(D) is an
> "administrative purpose" for which multiple terms of imprisonment are to be
> treated as a single, aggregate term. The text of § 3632(d)(4)(D) is consistent with
> that understanding. Section 3632(d)(4)(D) provides that a prisoner who "is serving
> a sentence for" an ineligible offense may not earn FSA time credits. 18 U.S.C. §
> 3632(d)(4)(D). That phrase can be read to refer to an individual sentence for an

individual conviction. But the phrase can also be read to refer to an aggregate term of imprisonment.[] In the context of the aggregation provision and precedent holding that the aggregation provision applies to other sentencing credit programs, the phrase "is serving a sentence for" is best understood as referring to the prisoner's aggregate term of imprisonment.

118 F.4th 527, 531 (2d Cir. 2024) (internal citations and footnote omitted), *cert. denied sub nom.*

*Giovinco v. Flowers*, 145 S.Ct. 1947 (2025).  The court further explained:

To administer the FSA, the BOP must determine whether a prisoner meets the eligibility criteria set forth in § 3632(d)(4)(D). An agency's implementation of statutory standards is a regular feature of "the administrative work of executing a statute's mandate." [] The aggregation provision directs that, when implementing the statutory criteria, the BOP must aggregate a prisoner's sentence. If "Congress intended to depart from the background principle" set by the aggregation provision and to direct the BOP to apply the statutory criteria of § 3632(d)(4)(D) to each individual sentence, it could have expressed that intention either expressly or by fair implication in the FSA. *Everytown*, 984 F.3d at 39. But it did not do so.

*Id.* at 532 (footnote omitted).

Consistent with the Sixth Circuit and other courts, the undersigned concludes that the BOP properly aggregated Mr. Martinez's sentences under 18 U.S.C. § 3584(c) in this case, and appropriately considered that aggregated sentence when "awarding of credits that reduce the length of that sentence."  *See Keeling*, 2023 WL 9061914, at *1.  Mr. Martinez concedes that he was convicted of a precluded offense under § 3632(d)(4)(D), and federal courts have consistently upheld the BOP's aggregation of sentences and denial of FSA time credits in similar circumstances.  Certainly, Mr. Martinez has not identified any court decisions adopting his alternate reading of applicable law.

Mr. Martinez argues in his sur-reply brief that the caselaw cited by Respondent is "irrelevant" because those cases were decided under the now-defunct standard of review for agency actions under *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984). (ECF Doc. 13, pp. 2-4.)  He asserts that the new standard for judicial review of agency actions

under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), removes the prior deference that was afforded to the BOP's interpretation of the relevant statutes.  (*Id.* at pp. 5-7.)

In *Loper Bright*, the Supreme Court overruled the existing standard for interpreting statutory language under *Chevron*, which required courts to defer to federal agencies' interpretations of their governing statutes when the statutes were "'silent or ambiguous with respect to the specific issue' at hand" and the agency interpretation was "'based on a permissible construction of the statute.'"  603 U.S. at 379 (quoting *Chevron*, 467 U.S. at 843).  Instead, the court in *Loper Bright* held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority," and that they "may not defer to an agency interpretation of the law simply because a statute is ambiguous."  *Id.* at 412-13.

Although Mr. Martinez asserts that "all the court decisions relied upon by the Warden" were decided under the *Chevron* standard (ECF Doc. 13, p. 2), a review of the decisions cited herein reveals that courts have interpreted the relevant statutes as discussed above without affording any deference to agency interpretations.  In *Giovinco*, for example, the Second Circuit explicitly held "without deference" under *Chevron* "that the best reading of the applicable statutes required the BOP to aggregate [the petitioner]'s sentence to determine his eligibility for FSA time credits[.]"  118 F.4th at 533; *see also Richman v. Graham*, No. 9:24-CV-01635-JD-MHC, 2024 WL 5507526, at *6 ("*Loper Bright* is not applicable here, however, because the pertinent aggregation statute is clear and unambiguous, and the Court need not decide whether the BOP's interpretation warrants any level of deference.") (citing *Giovinco*), *report and recommendation adopted*, No. 9:24-1635-JD-MHC, 2025 WL 732316 (D.S.C. Mar. 7, 2025).

In *Keeling*, the Sixth Circuit did not discuss or apply deference to agency interpretations of the relevant statutes in finding that "the calculation of a prisoner's sentence, and the awarding

12

of credits that reduce the length of the sentence 'are administrative functions of the BOP subject to § 3584(c).'" 2023 WL 906914, at *1 (citation omitted). Although *Keeling* was decided before *Loper Bright*, there is nothing the Sixth Circuit's language to suggest that the court's interpretation of the relevant statutes turned on any form of deference to agency interpretations. As another district court recently explained:

> [N]either the *Keeling* court nor this Court deferred to the BOP's interpretation of a statute under *Chevron*. The statute itself says that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment," 18 U.S.C. § 3584(c), and that language serves as the basis for the decision in *Keeling*, 2023 WL 9061914, at *1.

*Brewer v. Harrison*, No. 2:24-CV-2305-SHL-ATC, 2025 WL 367398, at *1 (W.D. Tenn. Jan. 29, 2025). Like the court in *Brewer*, the undersigned finds that the statutory language supports the findings of the Sixth Circuit in *Keeling*, the Second Circuit in *Giovinco*, and other federal courts, without the need for any deference to a federal agency's interpretation of the statutes. Mr. Martinez's challenge based on *Loper Bright* is therefore unavailing.

For all of the reasons set forth above, the undersigned finds Mr. Martinez's sole claim for relief to be without merit and therefore concludes that the Petition should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.     Recommendation

For the reasons set forth above, the undersigned recommends that the Court **GRANT**

Respondent's Motion to Dismiss (ECF Doc. 8) and **DISMISS** Mr. Martinez's Petition (ECF

Doc. 1) with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because his claim is without merit.


July 18, 2025

                      */s/ Amanda M. Knapp*
                      AMANDA M. KNAPP
                      UNITED STATES MAGISTRATE JUDGE


## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).