UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY ERMY MARTINEZ, | ) | CASE NO. 4:24-cv-00833 |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| WARDEN IAN HEALY, | ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp. (R. 14). Petitioner Henry Ermy Martinez, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting a "denial of earned time-credits under the First Step Act." (R. 1, PageID# 2). His sole ground for relief states:

> Ground One: The Bureau of Prisons ["BOP"] has incorrectly concluded that administrative aggregation of sentences allows it to change eligible offenses under the First Step Act as ineligible.

(R. 1, PageID# 6).

On December 2, 2024, Respondent Ian Healy filed a Motion to Dismiss arguing that Petitioner failed to exhaust his administrative remedies before filing the instant action, and further arguing that an inmate is precluded from earning First Step Act credits when one of Petitioner's aggregated sentences is for a precluding offense. (R. 8). On December 27, 2024, Petitioner filed a response to the motion to dismiss (R. 11) followed by a reply in support filed by Respondent. (R. 12). Petitioner followed-up by filing a sur-response. (R. 13).

On July 18, 2025, the Magistrate Judge issued her Report and Recommendation (R&R) recommending that the Court GRANT Respondent's Motion to Dismiss (R. 8) and dismiss the

habeas Petition (R. 1) with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), "because his claim is without merit." (R. 14, PageID# 134).[1]

The R&R expressly cautioned Petitioner that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order." (R. 14, PageID# 147, *citing Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985)). Indeed, failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Id*. Petitioner was mailed a copy of the R&R the same date it issued July 18, 2025. Fourteen days from the date of the R&R was August 1, 2025. Even allowing an extremely generous extra seven-days for receipt, Petitioner's objections would have been due August 8, 2025. To date, Petitioner has not filed any objections to the Report and Recommendation.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

> The text of Rule 72(b)(3) addresses only the review of reports to which objections have

---

[1] The Magistrate Judge considered the merits of Petitioner's claim, found Petitioner's claim lacks merit, and concluded it was unnecessary to resolve whether Petitioner's admitted failure to exhaust his administrative remedies should be excused. (R. 14, PageID# 140).

2

been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (*citing Berkshire*, 928 F.3d at 530 ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting §636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, Petitioner was plainly made aware by the R&R that he was required to timely object to the Report and Recommendation or forfeit his right to appeal, but he has not filed any objections.

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. Specifically, the Court agrees with the R&R's discussion concerning the application of 18 U.S.C. § 3632(d)(4)(D) and 18 U.S.C. § 3584(c) that, in tandem, rendered Petitioner ineligible to receive time credit toward his aggregate term of imprisonment because it included a disqualifying conviction. (R. 14, PageID# 141-146). The Magistrate Judge's Report and Recommendation (R. 14) is hereby ADOPTED. Respondent's

Motion to Dismiss (R. 8) is hereby GRANTED, and this matter is DISMISSED with prejudice. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date: August 28, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge